IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| MANUELA RAMOS,<br><br>               Plaintiff,<br><br>vs.<br><br>DAVIS COUNTY HOUSING AUTHORITY, an entity corporate and politic; JAN WINBORG, an individual and as Executive Director; MELANIE FULLER; JONETTA BROWN; SHARI DRAKE, as individuals; DOES 1 through 10, inclusive,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br><br>Case No. 1:13-CV-92 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Davis County Housing Authority's[1] ("Housing Authority") Motion to Dismiss.[2]  For the reasons stated below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff Manuela Ramos ("Ramos") brings this lawsuit asserting violations of the United States and Utah State Constitutions.  Ramos alleges that the Housing Authority had a culture of "engag[ing] in daily bantering, sexual innuendo, gesturing, name-calling, kidding, role-playing,

---

[1] The caption incorrectly names Davis County Housing Authority.  The actual party is the Davis Community Housing Authority.  For purposes of this Motion, the Court assumes the Housing Authority is a state governmental actor, acting under color of law.

[2] Docket No. 3.

1

flirtation, sarcasm, and mocking in the office."[3] Ramos alleges she was induced to join in this behavior by the leadership of the Housing Authority in order to be successful in her employment, but having done so, was terminated from employment without grounds and notice. She alleges that she was fired because of false rumors that she kissed a coworker at work and that the firing constitutes an unconstitutional deprivation of her constitutional rights. The Housing Authority filed the current Motion, arguing that Ramos failed to state a claim on which relief can be granted.

## II. STANDARD OF REVIEW

On a 12(b)(6) motion to dismiss, the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."[4] Plaintiff must provide "enough facts to state a claim for relief that is plausible on its face,"[5] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[7] "To survive a motion to dismiss, a complaint must contain

---

[3] Docket No. 1, at 2.

[4] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (alteration in original).

sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[8] But, the Court "will disregard conclusory statements."[9]

### III. DISCUSSION

A. FEDERAL CONSTITUTIONAL CLAIMS

42 U.S.C. § 1983 is the vehicle under which a person can bring a federal constitutional claim. Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally recognized rights.[10]

1. FIRST AMENDMENT CLAIM

Plaintiff first brings a claim based on purported violations of her rights to free speech under the First Amendment. Plaintiff alleges she was fired as a result of false rumors that she kissed a coworker. And that "[a]s the proximate result of the plaintiff's objectionable speech and alleged kissing of a female, a known lesbian, the defendants subjected the plaintiff to the public indignity of employment termination without cause, without investigation, and without proof."[11]

The Complaint fails to sufficiently allege punishment for speech; rather, termination appears to relate to Plaintiff's alleged conduct. However, to the extent that the Complaint does allege a freedom of speech retaliation claim, the *Garcetti/Pickering*[12] test applies. Under the *Garcetti/Pickering* analysis, speech is unprotected if it is made pursuant to the employee's

---

[8] *Id.* (quoting *Twombly*, 550 U.S. at 570).

[9] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

[10] 42 U.S.C. § 1983.

[11] Docket No. 1, at 5.

[12] *Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968).

3

official duties. If not made pursuant to the employee's official duties, the speech is still unprotected unless the subject of the speech is a matter of public concern.[13] "If the speech is not a matter of public concern, then the speech is unprotected and the inquiry ends."[14]

Plaintiff does not provide any information as to any speech Plaintiff engaged in, yet concludes that plaintiff was terminated as a proximate result of her "objectionable" speech and her allegedly kissing a coworker. Plaintiff alleges no facts in support of this conclusion. The Complaint does not allege content or context for the speech that allegedly resulted in Plaintiff's termination. The Court cannot assume facts that are not alleged and the Court has no way of knowing whether the objectionable speech was made pursuant to Plaintiff's official duties or if the speech was related to a matter of public concern. Plaintiff has failed to allege enough facts to state a claim for relief that is plausible on its face. Therefore the Court will dismiss Plaintiff's First Amendment Claim.

2. PROCEDURAL DUE PROCESS CLAIM

Plaintiff next brings a procedural due process claim. Plaintiff argues that she "worked for long enough to attain a property interest in expected continued employment"[15] and therefore she should have been provided a pre-termination hearing. Defendant argues that Plaintiff cannot sustain a due process claim because she does not have a property interest in her employment.

---

[13] *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1202–03 (10th Cir. 2007).

[14] *Id.* at 1203.

[15] Docket No. 4, at 3.

"'Constitutionally protected property interests are created and defined by statute, ordinance, contract, implied contract and rules and understandings developed by state officials.'"[16]  In Utah, the common law rule that employment is at-will has been treated as a rebuttable presumption.[17]  "At-will employees lack a property interest in continued employment."[18]  Plaintiff does not allege an applicable statute or agreement that would rebut the presumption that she was an at-will employee.  Plaintiff has not alleged that she was anything but an at-will employee who could be terminated for any lawful reason at any time and without warning.  Therefore Plaintiff's Complaint is legally insufficient to state a claim for relief under procedural due process and the Court will dismiss Plaintiff's due process claim.

3. SUBSTANTIVE DUE PROCESS CLAIM

Plaintiff's Complaint makes no reference to substantive due process.  However, Plaintiff's Opposition to Defendant's Motion to Dismiss contains several references to substantive due process and a sentence stating that the case involves "a deprivation of both substantive and procedural due process."[19]  To the extent that Plaintiff attempts to assert a substantive due process claim, it fails because Plaintiff fails to allege sufficient facts in the Complaint to prevail on a motion to dismiss.

---

[16] *Slavens v. Milliard Cnty.*, 2013 WL 5308105, at *13 (D. Utah Sept. 20, 2013) (quoting *Nichols v. Bd. of Cnty. Comm'rs*, 506 F.3d 962, 970 (10th Cir. 2007)).

[17] *Retherford v. AT&T Commc'ns*, 844 P.2d 949, 958 (Utah 1992).

[18] *Darr v. Town of Telluride*, 495 F.3d 1243, 1252 (10th Cir. 2007).

[19] Docket No. 4, at 4.

4. FEDERAL INVASION OF PRIVACY CLAIM

Plaintiff also asserts an invasion of privacy claim under the Fourteenth Amendment. Plaintiff argues that she had a right to be let alone and not to be shown in a false light. Defendant argues that Plaintiff's own Complaint undermines her argument as to this claim.

The constitutional right to privacy includes an "individual interest in avoiding disclosure of personal matters."[20] In order to have a constitutionally protected privacy interest, a person must have a legitimate expectation that the information will remain confidential while in the state's possession. This "expectation of privacy depends at least in part, upon the intimate or otherwise personal nature of the material which the state possesses."[21] Intimate details from a spouse's diary about the couple's marriage or a video depicting an alleged rape qualify as sufficiently personal in nature.[22]

Plaintiff does not allege that Defendant publicly disclosed any personal matter about her. Moreover, the Court agrees that Plaintiff's own characterization of the alleged incident that resulted in her termination undermines the position that Plaintiff has a privacy interest in avoiding disclosure of the alleged incident. Indeed, Plaintiff characterizes the subject matter of the accusations against her as relating to a "ridiculously small event" and states that she was

---

[20] *Whalen v. Roe*, 429 U.S. 589, 599 (1977).

[21] *Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006).

[22] *See, e.g.*, *Sheets v. Salt Lake Cnty.*, 45 F.3d 1383, 1388 (10th Cir. 1995); *Anderson*, 469 F.3d at 914.

terminated over an "uncorroborated silly charge."[23]  This is not the type of intimate or otherwise personal material that warrants protection under the Fourteenth Amendment.  Plaintiff fails to plead sufficient facts to support an invasion of privacy claim.  Thus the Court will dismiss this claim.

     5.  CONSPIRACY CLAIM

Though less than clear, Plaintiff appears to assert a conspiracy claim under § 1983.  To do so, Plaintiff must allege specific facts showing agreement and concerted action among defendants.[24]  Conclusory allegations of a conspiracy are insufficient.[25]  Plaintiff's Complaint fails to do more than offer conclusory allegations.  Further, Plaintiff must have successfully pleaded a violation of her constitutional rights, which she has failed to do.  Therefore this claim will be dismissed.

B.  UTAH CONSTITUTIONAL INVASION OF PRIVACY CLAIM

The Utah Supreme Court has noted that privacy protections under the Utah Constitution are similar to those covered by the United States Constitution and has held that the right to privacy protects "those aspects of an individual's activities and manner of living that would generally be regarded as being of such personal and private nature as to belong to himself and to be of no proper concern to others."[26]

---

[23] Docket No. 1, at 7.

[24] *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).

[25] *Id.*

[26] *Redding v. Brady*, 606 P.2d 1193, 1195 (Utah 1980).

Plaintiff's state constitutional invasion of privacy claim fails for substantially the same reasons that her federal constitutional invasion of privacy claim fails.  Plaintiff alleges that a defendant coworker falsely accused Plaintiff of kissing an individual without consent in the kitchen at work.  This alleged conduct is of proper concern to the Housing Authority.  Plaintiff's Complaint does not allege that the Housing Authority was privy to, much less disclosed, personal and private facts about Plaintiff.  Even if the Housing Authority was wrong in terminating Plaintiff, the error does not establish a state constitutional violation of privacy.  This claim must also be dismissed.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 3) is GRANTED.  Plaintiff's Complaint against the Housing Authority is dismissed with prejudice.  The hearing set for February 18, 2014, is STRICKEN.

DATED January 14, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge