IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MANUELA RAMOS,<br><br>    Plaintiff,<br><br>v.<br><br>DAVIS COUNTY HOUSING AUTHORITY, an entity corporate and politic; JAN WINBORG, an individual and as Executive Director, MELANIE FULLER; JONETTA BROWN; SHARI DRAKE, as individuals; DOE 1 through DOE 10, inclusive,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br><br>Case No. 1:13-CV-92 TS<br><br>District Judge Ted Stewart |

  Plaintiff Manuela Ramos ("Ramos") brings this lawsuit asserting violations of the United States and Utah State Constitutions.[1] On January 14, 2014, this Court granted Defendant Davis County Housing Authority's[2] ("Housing Authority") Motion to Dismiss.[3] That same day, the Court issued an Order to Show Cause noting that Defendants Jan Winborg, Melanie Fuller, Jonetta Brown, and Shari Drake (collectively, "the unserved Defendants") had not been served in this lawsuit and requiring Plaintiff to show cause as to why the above-captioned case should not be dismissed.[4]

---

[1] Docket No. 1.

[2] The Caption incorrectly names Davis County Housing Authority. The actual party is the Davis Community Housing Authority.

[3] Docket No. 10.

[4] Docket No. 11.

1

On January 28, 2014, the Court received from Plaintiff a request for leave to amend her complaint.[5] This document, in response to the Order to Show Cause, stated only the following: "Given the guidance of the District Court, which Plaintiff appreciates, she hereby requests leave to file a First Amended Complaint in order more adequately to state a claim against the subject defendants."[6]

Plaintiff appears to seek the opportunity to amend her complaint as against the previously dismissed Housing Authority. Plaintiff's Motion fails because once a defendant has been dismissed with prejudice, the plaintiff may not bring an amended complaint against the defendant "unless the court first sets aside or vacates the judgment pursuant to [Federal Rule of Civil Procedure] 59(e) or 60(b)."[7] Plaintiff has failed to file a Rule 59(e) or Rule 60(b) motion, therefore the Motion fails as against the Housing Authority. In construing Plaintiff's request as a Rule 59(e) or 60(b) motion, the Court finds that it still fails.

If Plaintiff seeks the opportunity to amend her complaint as against the unserved Defendants, the Motion also fails because the Motion is procedurally deficient under DUCivR 15-1, which requires a Plaintiff seeking leave to amend to "attach the proposed amended complaint as an exhibit to the motion for leave to file."[8] Plaintiff does not include a proposed amended complaint; therefore the Court is unable to determine if Plaintiff can cure the deficiencies in her Complaint.

---

[5] Docket No. 12.

[6] *Id.* at 1.

[7] *Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004).

[8] DUCivR 15-1.

Plaintiff still has not served the unserved Defendants. Federal Rule of Civil Procedure 4(m) requires a defendant to be served within 120 days of the Complaint being filed.[9] The Complaint in this case was filed on June 24, 2013.[10] Despite the Court's Order to Show Cause, Plaintiff still has not served the unserved Defendants, nor has she adequately responded to the Order to Show Cause. Plaintiff does not explain why she failed to serve the unserved Defendants within the original 120-day period or why she has not served them after receiving the Court's Order to Show Cause.

The Court will deny Plaintiff's request for leave to amend and, because Plaintiff has not adequately responded to the Order to Show Cause, the Court will dismiss the action without prejudice under Rule 4(m). As no Defendants remain, the Court will close this case.

It is therefore

ORDERED that this matter is DISMISSED as against the unserved Defendants without prejudice. The Clerk of Court is directed to close this case forthwith.

DATED this 25th day of February, 2014.

BY THE COURT:

Ted Stewart
United States District Judge

---

[9] Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

[10] Docket No. 1.